UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RENE LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-CV-00104-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| GOLDCORP USA INC., and MARIGOLD MINING COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

Before the court is Defendant Goldcorp USA Inc.'s ("Goldcorp") Motion for Summary Judgment (#30[1]). Plaintiff Rene Lopez has filed an opposition (#35) to which Goldcorp replied (#38).

**I.    Facts and Procedural History**

This is an employment discrimination dispute arising out of Plaintiff's work for Marigold Mining Company ("Marigold"). In October 2003, Plaintiff began working for Marigold as an equipment operator. Plaintiff's duties included driving trucks and heavy equipment. Over the course of her employment, Plaintiff worked on several different crews.

///

---

[1] Refers to the court's docket entry number.

The current suit concerns events that took place from approximately September, 2007, to October, 2009, while Plaintiff worked on the crew of Rodney Sample. At the time Plaintiff joined Sample's crew, she was the only woman among approximately twenty employees. Plaintiff alleges that while she worked on Sample's crew, she suffered from gender-based discrimination, hostile work environment, and retaliation.

Plaintiff subsequently filed this action, alleging that Goldcorp, as the parent company of Plaintiff's employer, Marigold Mining, discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17.

## II.   Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*

*Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

## III. Discussion

Plaintiff alleges that Goldcorp discriminated against her on the basis of her gender, thus violating Title VII. Plaintiff's causes of action include claims of hostile work environment and retaliation. Goldcorp seeks summary judgment with regard to each of these claims, arguing that (1) Goldcorp was not Plaintiff's employer, and (2) Plaintiff failed to raise a genuine issue of material fact regarding discrimination and retaliation.

### A. Single Employer Test

Title VII makes it unlawful for an employer to discriminate against an individual with respect to the terms, conditions, or privileges of employment because of the individual's sex. 42 U.S.C. § 2000e-2(a)(1). With limited exceptions, the employer charged with discrimination under Title VII must have been the plaintiff's employer at the time of the alleged discrimination. *Vandermeer v. Douglas County*, 15 F. Supp. 2d 970, 974 (D. Nev. 1998).

The parties do not dispute that Goldcorp never directly employed Plaintiff. They also do not dispute that at the time the alleged discrimination occurred, Plaintiff worked for Goldcorp's subsidiary, Marigold. Nonetheless, Plaintiff claims that liability for the alleged discrimination extends to Goldcorp because it is a parent company of Marigold. Goldcorp seeks dismissal of

1 Plaintiff's claims arguing it was not a "single employer" with Marigold for purposes of Title VII.

2 Goldcorp's mere parent-subsidiary relationship with Marigold does not justify imposition
3 of liability on Goldcorp. *See United States v. Bestfoods*, 524 U.S. 51, 68 (2003) ("It is a general
4 principle of corporate law deeply ingrained in our legal system that a corporation is not liable for
5 the acts of its subsidiaries."). Nonetheless, under Title VII, if the two companies acted as a single
6 employer, Marigold's employment actions towards Plaintiff may result in liability for Goldcorp.
7 *See Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002) (finding that district court
8 improperly granted summary judgement for employer on plaintiff's Title VII claims because the
9 parent company and its subsidiary were a single employer under Title VII).

10 The Ninth Circuit considers four factors to determine whether two or more separate entities
11 can be treated as a single employer for purposes of Title VII. *Morgan v. Safeway Stores, Inc.*, 884
12 F.2d 1211, 1213 (9th Cir. 1989) (citing *Childs v. Local 18, Int'l Bhd. of Elec. Workers*, 719 F.2d
13 1379, 1382 (9th Cir. 1983)). Specifically, two entities are a single employer if they have (1)
14 interrelated operations, (2) common management, (3) centralized control of labor relations, and (4)
15 common ownership or financial control. *Id.* (citing *Childs*, 719 F.2d at 1382). The court will
16 consider these factors below.

17 **1.  Interrelation of Operations**

18 To satisfy the first factor of the test, Plaintiff must demonstrate that there is a genuine issue
19 of material fact as to whether the operations of Goldcorp and Marigold are interrelated. *See Kang*,
20 296 F.3d at 815 (examining such factors as whether the two companies shared facilities and
21 conducted separate banking); *Alberter v. McDonald's Corp.*, 70 F. Supp. 2d 1138, 1144 (D. Nev.
22 1999) (considering whether the two companies shared responsibility for the day-to-day operations,
23 had common office space and equipment, and whether they maintained separate bank accounts,
24 books, lines of credit, payroll accounts, and personnel records).

25 In this case, it is undisputed that Marigold and Goldcorp neither share equipment or

26

4

1 supplies, nor have the authority to enter into contracts on behalf of each other.  Moreover, Plaintiff
2 also does not dispute that the management team at Marigold does not have any management
3 responsibilities in the operation of Goldcorp.  In sum, Plaintiff has not identified any facts in the
4 record suggesting that the two companies have interrelated operations.  As such, in the light of
5 undisputed facts in the record, the court finds that no reasonable jury could find for Plaintiff on this
6 issue.

### 2.     Common Management

8     As to the second factor, when two companies share management-level officials, it is more
9 than enough to raise a question of common management sufficient to survive summary judgement.
10 *Vandermeer*, 15 F. Supp. 2d at 977 (finding common management where the boards of
11 commissioners of the two entities had identical membership); *Kang*, 296 F.3d at 815 (finding
12 common management where the Vice-President of the parent company was also the President of
13 the subsidiary, and the managers of the subsidiary reported directly to the managers of the parent
14 company).  *But see Morgan*, 884 F.2d at 1214 (concluding that there was no common management
15 where the parent company did not control the selection of credit union's board members and the
16 two companies did not have overlapping directors).

17      Here, the facts in the record do not raise a genuine issue of material fact as to whether
18 Goldcorp had common management with Marigold.  Plaintiff does not dispute that when the
19 alleged discrimination occurred, Goldcorp did not have any employees in common with Marigold.
20 Moreover, no evidence before the court suggests that there was an overlap of members in the
21 management or the board of directors between the two companies.  Accordingly, Plaintiff has
22 failed to meet her burden and present facts creating a genuine issue of material fact regarding this
23 issue.  As a result, the second factor also weighs against finding that Goldcorp and Marigold are a
24 single employer.
25 ///
26

### 3. Centralized Control of Labor Relations

The centralized control of labor relations between a parent and subsidiary is the most important factor in determining whether the two companies are a single employer under Title VII. *Kang*, 296 F.3d at 815 (citations omitted); *Vandermeer*, 15 F. Supp. 2d at 977. Two companies have centralized control of labor relations when one company is involved in decisions concerning the terms and conditions of employment of workers of another company. *See Alberter*, 70 F. Supp. 2d at 1144 (finding lack of centralized control of labor relations where the franchisee made final decisions regarding all employment matters). Decisions regarding employment matters include hiring and firing of employees, employee discipline, performance evaluations, awards, promotions and demotions, scheduling, work assignments, training, and compensation. *See id*.

Another factor indicating the existence of centralized control is the payment of employees' wages and benefits. *See id.* (finding that there was no centralized control of labor relations where the franchisee paid employees from its own payroll account, provided benefits to employees, and paid unemployment compensation taxes and other payroll taxes on their behalf).

Here, in February of 2008, Marigold provided Lopez with sexual harassment training and gave her an anti-harassment policy issued by Goldcorp. Aside from these facts, however, no evidence suggests that Goldcorp made any employment decisions regarding Marigold's employees. Indeed, Plaintiff does not dispute the declaration of Marigold's Human Resources Manager, Bill Lawton, stating that Goldcorp does not have authority to hire, fire, promote, demote or take disciplinary action against any employee of Marigold. (*See* Ex. Support Mot. Summ. J. (#31) Ex. B ¶ 7.) In addition, it is undisputed that Marigold's employees did not receive their paychecks from Goldcorp. As such, the record contains no evidence suggesting that Goldcorp controlled the labor relations of its subsidiary, and no reasonable juror could find for Plaintiff on this issue. *See Morgan*, 884 F.2d at 1214 (concluding there was no centralized control of labor relations on the

1 basis of the undisputed affidavit stating that the parent company had no control over personnel
2 decisions made by the credit union).  Accordingly, this factor also indicates that Goldcorp and
3 Marigold are not a single employer for purposes of Title VII liability.

**4.    Common Ownership or Financial Control**

Finally, to raise a genuine issue of material fact that Goldcorp and Marigold are a single employer, Plaintiff must present evidence demonstrating that these two companies are under common ownership or financial control.  *See Kang*, 296 F.3d at 816 (finding that the two companies were an integrated enterprise because one person owned and controlled both the parent and the subsidiary and because the subsidiary made no profit and transferred all of its funds to the parent company).  *But see Alberter,* 70 F. Supp.2d at 1144 (finding that the parent corporation lacked financial control over the franchisee because it did not provide the franchisee with funds for operating expenses, managers' salaries, and because franchisee retained all profits from its operation).

Here, Plaintiff again fails to present any facts suggesting common ownership or financial control.  Indeed, Plaintiff does not dispute Goldcorp's evidence that the two companies do not have common owners and that shareholders of Marigold do not own shares of Goldcorp.  While the record does not indicate whether Marigold retains its profits or transfers them to Goldcorp, Plaintiff, as the non-moving party, has the burden to point to the facts demonstrating a genuine issue of material fact as to financial dependance between Goldcorp and Marigold.  However, Plaintiff has not indicated any facts in the record that contradict Goldcorp's evidence and that would allow a reasonable jury to find in her favor on this issue.

Because all four factors weigh against finding that Goldcorp and Marigold are a single employer for purposes of Title VII liability, the court finds that Goldcorp was not Plaintiff's employer when the alleged discrimination occurred.  Accordingly, the court will grant summary

judgement for Goldcorp on Plaintiff's claims.[2]

IT IS THEREFORE ORDERED that Goldcorp's Motion for Summary Judgment (#30) is GRANTED.  Defendant Goldcorp USA Inc. is DISMISSED as a defendant.

IT IS SO ORDERED.

DATED this 13th of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Because the court will grant summary judgement for Goldcorp based on the finding that it was not Plaintiff's employer, the court will not address the merits of Goldcorp's assertion that Plaintiff failed to raise a genuine issue of material fact regarding discrimination.

8